Russell, J.
In the court below, this was an action to recover damages for wrongfully causing the death of one Hugh Mulligan. On issues properly made up the case went to a jury." At the conclusion of the plaintiff's evidence, the defendants moved the court to arrest the testimony from the jury and direct a verdict for them, which motion was granted — the plaintiff excepting thereto. Judgment upon this verdict was entered, proper exceptions being made by the plaintiff, and a bill of exceptions taken by him purporting to set out all the evidence in the case. Upon the record thus made, error is prosecuted in this court.
When the bill of exceptions was presented, it was objected (1), that it shows upon its face that it is incomplete; and (2), assuming such to be the fact, that the bill cannot be used in support of the petition in error. These points will be considered in the order of their statement. The bill is clearly defective. It shows that certain articles of clothing were put in evidence, and in terms refers to them as exhibits and parts of the bill; but they are not attached to it, nor so described as that they can be identified, except *11 by the testimony of the parties in whose possession they have been since the trial. But such proof is wholly inadmissible. The record must tell its own story, and cannot be patched up by parol. Where exhibits referred to in a bill of exceptions, as parts of it, are not attached, before they can be considered they must be filed with the bill, and so described therein that, on simple inspection by the court, they will be clearly identified. Upon this point the rule of practice is uniform and settled. (Busby v. Finn, 1 Ohio St., 409; Hicks v. Person, 19 Ohio, 426.) Moreover, such a bill cannot be said to contain all of the evidence. Upon its face it shows the contrary. (Murdock v. McNeely, 1 C. C., 16.) The conclusion sought to be drawn, however, from this condition of the bill, does not, as we think, necessarily follow. While the rule seems to be established, that the action of a trial court will not be reviewed unless the bill of exceptions discloses all the testimony upon which it acted, if error be predicated upon the refusal to allow a motion to arrest (Wagers v. Dickey, 17 Ohio, 439); yet when it is granted, a different practice in some instances prevails. The law governing such motions is, that if the evidence tends to prove all the facts necessary in order to maintain the action, the case must go to the jury. (Stockstill v. R. R. Co., 24 Ohio St., 83; Dick v. R. R. Co., 38 Ohio St., 389.) On principle, then, when the court has arrested the testimony, improperly, and the bill of exceptions sets out enough of it to show that such is the case, this ought to be regarded as sufficient. What lies beyond that, becomes immaterial, in the sense at least of being needless. But the proposition need not further be discussed. The exact point has been decided in the first circuit, and we are agreed in following the ruling there made. The objection that the bill cannot be considered in support of the petition in error, we do not, therefore,regard as well taken, and it is overruled. (Mack v. Despatch, 3 C. C., 36.) Coming now to *12 the evidence set out in the bill, it is sufficient to say that under what is known in our practice as the “scintilla doctrine,” there was enough to send the case to the jury. The consequence is that the judgment of the common pleas must be reversed, and the cause remanded.